**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAJID RAZA,<br><br>               Petitioner,<br><br>   v.<br><br>KAREN TAYLOR,<br><br>               Respondent. | Civil Action No. 22-6494 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Sajid Raza's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

**I.    BACKGROUND**

      Petitioner is a state pre-trial detainee currently held in the Camden County Correctional Facility. (ECF No. 1 at 1.) Following his arrest in October 2019, Petitioner has remained in detention pending trial. (*Id.* at 2-7.) In his habeas petition, Petitioner asserts that his detention has continued for several years without trial and with the trial court yet to address various

challenges, including speedy trial, public trial, inadequate counsel, and due process challenges to his ongoing proceedings. (*Id.*) Petitioner largely asserts that the court, his "fake" counsel and prosecutors have colluded to keep him in jail. (*Id.*) Although is "fake attorney" filed some form of interlocutory appeal to the Appellate Division in 2021, Petitioner claims he only raised "fake . . . unlawful issues" without Petitioner's knowledge or consent, and Petitioner contends that he has no interest in going to the appellate courts and wishes only to proceed with an immediate public trial. (*Id.*) Thus, although some issues may have been brought to the attention of the Appellate Courts, it fully appears that Petitioner remains a pre-trial detainee, and that none of the claims he wishes to pursue here, all of which are essentially preemptive constitutional defenses to his detention and trial, have been raised to the attention of the state appellate courts. (*Id.*)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

2

In this matter, Petitioner seeks to litigate his Speedy Trial, Public Trial, Ineffective Assistance of Counsel, and related Due Process challenges in this Court without first completing his state court criminal proceedings. As this Court has previously explained to Petitioner, however,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

(*Raza v. Taylor*, Docket No. 22-6016 at ECF No. 2 at 2-3.)

Just as in the petition which this Court dismissed in October 2022,[1] Petitioner seeks to use this habeas matter to prematurely litigate his various constitutional challenges and defenses in this

---

[1] After this Court dismissed Petitioner's previous habeas petition, that in all but invective was essentially identical to Petitioner's current habeas petition, Petitioner filed a notice of appeal and paid the appellate filing fee. (*See* Docket No. 22-6016 Docket Sheet.) That matter remains before the Third Circuit at this time pending a decision on Petitioner's request for a certificate of appealability. That the issues present in this matter are essentially before the Third Circuit in that appeal gives this Court further reason to hesitate to exercise jurisdiction over Petitioner's current habeas petition. *See, e.g., Sheet Metal Workers' Intern. Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (the "filing of a notice of appeal . . . divests the district court of its

3

Court before concluding his criminal proceedings before the state courts. As it fully appears from the petition that Petitioner has not raised any of these claims to the attention of the New Jersey Superior Court Appellate Division and New Jersey Supreme Court, it appears that Petitioner has not fully exhausted his claims through all three levels of the state courts. As Petitioner's claims appear to be unexhausted, as such claims are not exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction, *see Moore*, 515 F.2d at 449, and as a state pre-trial detainee may not use a § 2241 petition to prematurely litigate his defenses such as those Petitioner seeks to raise in this matter in federal court prior to the conclusion of his criminal proceedings, this Court must decline to consider his current habeas petition, and his petition will therefore be dismissed without prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas

---

control over those [issues directly] involved in the appeal"). Because binding caselaw prevents the exercise of jurisdiction for the reasons discussed in this opinion, this Court need not and does not determine whether the appeal pending in Petitioner's previous case prevents the exercise of jurisdiction in this matter.

4

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge